UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK L. JOHNSON,

                Plaintiff,

-against-

DCM ERECTORS, INC.; JOHN DOE,

                Defendants.

18-CV-0240 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    On January 10, 2018, the Pro Se Intake Unit received Plaintiff's complaint. The Clerk's Office filed the complaint on the same day and assigned the case docket number 18-CV-0240. Plaintiff did not submit a completed *in forma pauperis* (IFP) application and prisoner authorization, or pay the $400.00 in fees required to file a civil action in this Court. Accordingly, by order dated January 25, 2018, the Court directed Plaintiff, within 30 days, to either submit an IFP application and prisoner authorization, or pay the filing fees. (ECF No. 2.) On the same day, the Clerk's Office mailed to Plaintiff a copy of the January 25, 2018 order, an IFP application, and a prisoner authorization, noting service on the docket.

    By order dated March 2, 2018, the Court dismissed this action because Plaintiff failed to comply with the January 25, 2018 order. On that same date, the Clerk of Court mailed the order of dismissal and civil judgment to Plaintiff, noting service on the docket.

    Over seven months later, on October 16, 2018, Plaintiff wrote to the Court requesting permission to proceed without prepayment of the filing fee; he did not submit a prisoner authorization, as directed in the January 25, 2018 order.

    On March 19, 2019, Plaintiff requested that the Court be disqualified, falsely claiming that the Court "refused to note the filing date [of his complaint] and forward the verified

complaint to the Clerk." (ECF No. 6.) Based on Plaintiff's belief that I prevented the Clerk's Office from filing his complaint, he seeks my disqualification. The Court construes Plaintiff's request as a motion to recuse and denies the motion.

## DISCUSSION

**A.     Motion to Recuse**

A judge is required to recuse herself from "any proceeding in which [her] impartiality might be reasonably questioned." 28 U.S.C. § 455(a). The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted).

By standing order of the Court, all papers received by the Court from a self-represented litigant must be submitted directly to the Pro Se Intake Unit. *See In re Pro Se Litigation*, Standing Order M10-468, Doc. #58 (S.D.N.Y. Oct. 31, 1996).

The complaint is date-stamped January 10, 2018, indicating that it was received by the Pro Se Intake Unit on that date and filed in accordance with court procedures. Because Plaintiff fails to allege any facts suggesting that I showed any personal bias, the motion is denied.

**B.     Leave to submit a signed prisoner authorization**

As Plaintiff intends to pursue this matter, the Court grants him 30 days to submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 18-CV-0240 (CM).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is also directed to treat document number 5 as Plaintiff's application to proceed *in forma pauperis*. If Plaintiff submits the attached prisoner authorization, the Court shall issue an order directing the Clerk's Office to reopen this matter. The case remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 17, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge